IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONALD MARTINEZ, §
§
      Petitioner, §
§
v. § No. 4:12-CV-816-A
§
DEE ANDERSON, Sheriff, §
Tarrant County, Texas, §
§
      Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ronald Martinez, a state prisoner currently incarcerated in the Tarrant County jail, against Dee Anderson, Sheriff of Tarrant County, Texas, respondent. After having considered the pleadings, the documentary exhibits, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

    I.  FACTUAL AND PROCEDURAL HISTORY

On May 24, 1979, petitioner pleaded guilty to three charges of aggravated robbery with a deadly weapon and was sentenced to twelve years confinement for each offense in cause numbers 17053W, 17054W and 17055W in the Criminal District Court Number

Two of Tarrant County, Texas. (Resp't App. at 2, 4, 6) Petitioner has previously sought federal postconviction habeas relief challenging the same convictions. (Resp't App. at 109-12) See Martinez v. Collins, Civil Action 4:91-CV-635-A.[1] As directed, respondent has filed a preliminary response addressing the timeliness of the petition, wherein he claims the petition should be dismissed as time-barred or, in the alternative, dismissed as a successive petition. (Resp't Preliminary Resp. at 2-9 & n.5)

II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction(s) that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. See Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003); In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

Petitioner raises four grounds in the instant petition, which were or could have been raised in his prior federal

---

[1]The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas action.

petition. (Resp't App. at 114-18) Thus, this petition is successive on its face. Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a

substantial showing of the denial of a constitutional right.

SIGNED January 24, 2013.

---
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE